UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL MILLER,

    Petitioner,                                      Civil Action No. 10-CV-12482

v.                                                  HON. BERNARD A. FRIEDMAN

RAYMOND BOOKER,

    Respondent.

_____/

**OPINION AND ORDER
DENYING PETITIONER'S APPLICATION FOR A WRIT OF HABEAS CORPUS
AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY**

Petitioner has filed an application for a writ of habeas corpus under 28 U.S.C. § 2254. He challenges his conviction for first-degree criminal sexual conduct, Mich. Comp. Laws § 750.520b(1)(a), on the grounds that a juror failed to inform the court of two prior felony convictions, the trial court improperly failed to allow his attorney to withdraw, and he received ineffective assistance of trial counsel. Finding no basis for habeas relief, the Court shall deny the petition and decline to issue a certificate of appealability.

**I.    Background**

Petitioner was convicted of first-degree criminal sexual conduct following a jury trial in Ottawa County Circuit Court for forcing his then-girlfriend's seven-year-old daughter to perform fellatio on him. Prior to sentencing, petitioner learned that one of the jurors had failed to reveal his two prior felony convictions (1991 and 1999) for criminal sexual conduct. Petitioner moved for a new trial. The trial court conducted an evidentiary hearing at which the juror stated that he did not reveal his prior convictions on the juror questionnaire because they were old and he did not believe

they were still on his record. He also explained that, because he had pleaded guilty in both of those cases, he had not been through a jury selection process. The juror testified that he did not intentionally answer untruthfully and did not want to sit on the jury. The trial court denied petitioner's motion for a new trial. The trial court held that there was no evidence that petitioner suffered any actual prejudice and reasoned that if the parties had known about the juror's previous convictions, the prosecutor, not the defense, would have most likely been the party seeking to excuse him. The trial court further found that the juror had not answered any questions during *voir dire* falsely. For example, during *voir dire* the prosecutor asked the jurors whether any had any "personal dealings with criminal sexual conduct in [their] immediate, close family to where – to the point where they think they can't be fair in this kind of trial." *People v. Miller*, 482 Mich. 540, 543 n.2 (Mich. 2008). The trial court also concluded that the juror was not attempting to be deceitful.

On August 11, 2006, Petitioner was sentenced to 14 years, 3 months to 30 years in prison. He filed an appeal of right in the Michigan Court of Appeals raising these claims: (i) the trial court erred in denying counsel's motion to withdraw; (ii) the trial court erred in denying the motion for new trial based on juror misconduct; (iii) OV-13 were incorrectly scored; (iv) ineffective assistance of trial counsel; and (iv) the trial court abused its discretion in sentencing petitioner to 171-360 months' imprisonment. The Michigan Court of Appeals reversed petitioner's conviction on the basis of juror misconduct. *See People v. Miller*, No. 273488, 2008 WL 161998 (Mich. Ct. App. Jan. 17, 2008).

The State filed an application for leave to appeal in the Michigan Supreme Court. The Michigan Supreme Court granted leave to appeal. *See People v. Miller*, 481 Mich. 851 (Mich. 2008). The Michigan Supreme Court reversed the Michigan Court of Appeals, holding that

2

petitioner was not actually prejudiced by a convicted felon serving as a juror and the presence of a convicted felon was not a structural error requiring automatic reversal. *See People v. Miller*, 482 Mich. 540 (2008). The Michigan Supreme Court remanded the case to the Michigan Court of Appeals with instructions to address petitioner's remaining claims. *See id.* at 561. On remand, the Michigan Court of Appeals held that none of petitioner's remaining claims required reversal. *See People v. Miller*, No. 273488, 2009 WL 323485 (Mich. Ct. App. Feb. 10, 2009). The Michigan Supreme Court denied petitioner's application for leave to appeal. *See People v. Miller*, 483 Mich. 1114 (Mich. June 23, 2009).

Petitioner then filed a petition for a writ of habeas corpus. He raised these claims: (i) juror misconduct; (ii) the trial court improperly denied attorney's motion to withdraw; (iii) ineffective assistance of counsel; (iv) newly-discovered evidence shows that a prosecution witness committed perjury; (v) the trial court relied on inaccurate information when sentencing petitioner. Petitioner simultaneously filed a motion to stay, asking that the Court stay the petition because it contained unexhausted claims. The Court granted the stay. Petitioner subsequently returned to this Court, requesting that the Court lift the stay and address only the three exhausted issues raised in the petition: jury misconduct; deprivation of petitioner's right to due process and equal protection; and ineffective assistance of counsel. In a subsequent letter to the Court, petitioner explained that he failed to exhaust his unexhausted claims because his application for leave to appeal in the Michigan Supreme Court was not timely filed. He therefore sought to proceed only on his three exhausted claims. The Court granted the motion to reopen and allowed the petition to proceed on the three exhausted claims.

**II.     Legal Standards**

This habeas petition is reviewed under the exacting standards set forth in the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub.L. No. 104-132, 110 Stat. 1214 (Apr. 24, 1996). Under AEDPA, a federal court cannot grant habeas relief with respect to any claim adjudicated on the merits in a state-court proceeding unless the state adjudication of the claim either:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. 28 U.S.C. § 2254(d)(1), (2).

"A state court's decision is 'contrary to' . . . clearly established law if it 'applies a rule that contradicts the governing law set forth in [Supreme Court cases]' or if it 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [this] precedent.'" *Mitchell v. Esparza*, 540 U.S. 12, 15-16 (2003), *quoting Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). "[T]he 'unreasonable application' prong of the statute permits a federal habeas court to 'grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court but unreasonably applies that principle to the facts' of petitioner's case." *Wiggins v. Smith*, 539 U.S. 510, 520 (2003) *quoting Williams*, 529 U.S. at 413. "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011), *quoting Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004). "Section 2254(d) reflects the view that habeas corpus is a guard against extreme

4

malfunctions in the state criminal justice systems, not a substitute for ordinary error correction through appeal. . . . As a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id.* at 786-87 (internal quotation omitted).

To obtain relief under § 2254(d)(2), a petitioner must show an unreasonable determination of fact *and* that the resulting state court decision was "based on" that unreasonable determination. *Rice v. White*, 660 F.3d 242, 250 (6th Cir. 2012). Further, a federal habeas court must presume the correctness of state court factual determinations. *See* 28 U.S.C. § 2254(e)(1). A petitioner may rebut this presumption only with clear and convincing evidence. *See Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998)

### III. Discussion

#### A. Juror Misconduct

Petitioner's first claim for habeas relief concerns a juror's failure to advise the trial court that he was convicted of two prior felonies. Petitioner argues that the seating of a convicted felon on the jury denied him his right to an impartial jury.

Federal habeas relief is available only to correct violations of the federal constitution. 28 U.S.C. § 2254(a). "[I]t is not the province of a federal habeas court to reexamine state court determinations on state law questions." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). On habeas review, "a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Id.* at 68. Petitioner's claims that this juror's presence on his jury violated the Michigan Constitution and state laws are not cognizable on habeas review.

The Court has considered whether the presence of a convicted felon on petitioner's jury violated petitioner's federal constitutional rights. The Sixth Amendment provides that "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury." U.S. Const. amend. VI. The right to an impartial jury is made applicable to the states by the Fourteenth Amendment. *See Turner v. Louisiana*, 379 U.S. 466 (1965). "In essence, the right to jury trial guarantees to the criminally accused a fair trial by a panel of impartial, 'indifferent' jurors." *Irvin v. Dowd*, 366 U.S. 717, 722 (1961) (internal citation omitted). The presence of even a single biased juror deprives a defendant of his right to an impartial jury. *See Williams v. Bagley*, 380 F.3d 932, 944 (6th Cir. 2004), *citing Morgan v. Illinois*, 504 U.S. 719, 729 (1992).

A criminal defendant does not have a constitutional right to have convicted felons barred from serving on a jury because "a juror's felon status is not necessarily indicative of a bias against the defendant (or, for that matter, against the prosecution)." *Hanna v. Ishee*, 694 F.3d 596, 616 (6th Cir. 2012). Therefore, a conviction will not be invalidated simply on the basis that the jury included a convicted felon. *See id.* Instead, "the appropriate framework to review a felon-juror claim is to inquire whether the juror was partial." *Id.* The first question when considering juror bias, is whether the juror swore under oath "'that he could set aside any opinion he might hold and decide the case on the evidence,' and whether that 'protestation of impartiality' ought to be believed." *Id. quoting Patton v. Yount*, 467 U.S. 1025, 1036 (1984). A "state court's finding of impartiality is a factual determination entitled to 28 U.S.C. § 2254(e)'s presumption of correctness." *Id.* Where a juror is found to have deliberately concealed material information, bias "*may* be inferred." *Williams v. Bagley*, 380 F.3d 932, 946 (6th Cir. 2004) (emphasis in original). If

6

information "is *not* concealed deliberately, the movant must show *actual bias*." *Id.* (emphasis in original).

Here, the Michigan Supreme Court correctly held that there exists no constitutional right to be tried by a jury free of convicted felons, only a constitutional right to an impartial jury. *See Miller*, 482 Mich. at 547. The Michigan Supreme Court found that the juror in question did not deliberately withhold this information, because the juror believed the information was too remote in time to be relevant. The Michigan Supreme Court held that petitioner failed to meet his burden to show that the juror was not impartial:

> [D]efendant's only complaint about the juror at issue in this case is that he is a convicted felon. [] However, defendant has offered no evidence that the juror was not impartial. ...
>
> Defendant has not offered any evidence to demonstrate that he was prejudiced by the convicted felon's presence on his jury. [] That is, defendant has offered no evidence to establish that the juror was partial. The juror testified that his status as a felon did not affect his deliberations and that he did not share this information with the other jurors or try to improperly persuade the rest of the jurors in any way. There is simply no evidence that this juror improperly affected any other jurors. Furthermore, as the trial court explained, this juror would likely have been more harmful to the prosecutor than to defendant. Having been previously convicted of similar offenses, the juror, if anything, likely would have been sympathetic towards defendant. For these reasons, we do not believe that the trial court clearly erred in ruling that defendant had not demonstrated that he was actually prejudiced by the convicted felon's presence on his jury.

*Id.* at 552-55 (footnotes omitted).

The Michigan Supreme Court applied the correct standard of review and petitioner has not rebutted the presumption of correctness afforded the state court's finding that the juror was impartial. Therefore, petitioner has not shown that the state court's decision was contrary to or an unreasonable application of Supreme Court precedent. Habeas relief is denied as to this claim.

**B. Denial of Defense Counsel's Motion to Withdraw**

Next, petitioner argues that the trial court violated his rights by denying his attorney's motion to withdraw as counsel. Trial counsel first filed a motion to withdraw ten days before trial was scheduled to commence. At the hearing on the motion, trial counsel informed the court that petitioner had stopped communicating with counsel. Petitioner failed to appear for the hearing despite defense counsel's request that petitioner appear in order to inform the court about the perceived breakdown in the attorney-client relationship. The trial court denied the motion because petitioner failed to appear for the hearing, failed to offer any assurances that he would make efforts to retain substitute counsel, and because of the numerous previous delays in the case. On the first day of trial, counsel renewed his motion to withdraw. The court denied the motion because petitioner failed to articulate specifically why counsel should not continue in the representation, trial already had been delayed several times, and the court did not believe any other attorney could do a better job.

The Michigan Court of Appeals found no error in the trial court's denial of counsel's motion to withdraw, stating, in pertinent part:

> Defendant argues that he was deprived of his constitutional rights when the trial court denied defense counsel's motions to withdraw and defendant's request for appointment of substitute counsel. After review of the record, we conclude that defendant was negligent in asserting his right to have new counsel appointed, that defendant was merely attempting to delay the trial, that there was no "legitimate" reason for appointing new counsel, and that defendant has not established prejudice. *See People v. Atkins*, 259 Mich.App. 545, 557, 675 N.W.2d 863 (2003) (setting forth factors to consider in regard to review of a motion to withdraw and request to appoint

>substitute counsel).[1] Accordingly, the trial court did not abuse its discretion in denying the motions. *Id.* at 556-557, 675 N.W.2d 863.
>
>―――――――
>[1]The Court indicated that while the Sixth Amendment provides a defendant with the right to retain counsel of choice, the right is not absolute and must be balanced against the public's interest in the prompt and efficient administration of justice. *Atkins, supra* at 557, 675 N.W.2d 863.

*Miller,* 2009 WL 323485 at *1 (footnote 1 included in text).

The Sixth Amendment guarantees an accused in all criminal prosecutions the right to the assistance of counsel and gives an indigent criminal defendant the right to the assistance of court-appointed counsel. *See Gideon v. Wainwright*, 372 U.S. 335, 343 (1963). "[T]he purpose of providing assistance of counsel 'is simply to ensure that criminal defendants receive a fair trial.'" *Wheat v. U.S.*, 486 U.S. 153, 159 (1988), *quoting Strickland v. Washington*, 466 U.S. 668, 689 (1984). "[I]n evaluating Sixth Amendment claims, 'the appropriate inquiry focuses on the adversarial process, not on the accused's relationship with his lawyer as such.'" *Id.*, *quoting U.S. v. Cronic*, 466 U.S. 648, 657 n.21 (1984). Further, "the essential aim of the Amendment is to guarantee an effective advocate for each criminal defendant rather than to ensure that a defendant will inexorably be represented by the lawyer whom he prefers." *Id.*

The Sixth Amendment guarantees effective assistance of counsel, not a "meaningful relationship" between an accused and his counsel. *Morris v. Slappy*, 461 U.S. 1, 14 (1983). Thus, "when a defendant is denied the counsel he prefers, the constitutional concern is whether he received an effective advocate." *Ray v. Curtis*, 21 F. App'x 333, 335 (6th Cir. 2001). This is so because "those who do not have the means to hire their own lawyers have no cognizable complaint so long as they are adequately represented by attorneys appointed by the courts." *Caplin & Drysdale v. U.S.*, 491 U.S. 617, 624 (1989).

A criminal defendant may not "stop the criminal justice system in its tracks" by rejecting counsel for no justifiable reason. *Swiger v. Brown*, 86 F. App'x 877, 882 (6th Cir. 2004). A criminal defendant has "'no right to indefinite delays while he tries on new lawyers unless he has a reason for dissatisfaction with the old.'" *King v. Bobby*, 433 F.3d 483, 493 (6th Cir. 2006), *quoting U.S. v. Oreye*, 263 F.3d 669, 671 (7th Cir. 2001). The Michigan Court of Appeals' finding in the present case that petitioner raised no justifiable reason for replacement of counsel is reasonable. Habeas relief is therefore denied on this claim.

### C. Ineffective Assistance of Counsel Claim

Finally, petitioner argues that his trial counsel was ineffective in failing to interview or subpoena several witnesses and in failing to have petitioner evaluated for an insanity or temporary insanity defense. Respondent argues that the first of these claims is procedurally defaulted and both claims are meritless.

Federal habeas relief is precluded on claims that a petitioner has not presented to the state courts in accordance with the state's procedural rules. *See Wainwright v. Sykes*, 433 U.S. 72, 85-87 (1977). The doctrine of procedural default is applicable when a petitioner fails to comply with a state procedural rule, the rule is actually relied upon by the state courts, and the procedural rule is "adequate and independent." *White v. Mitchell*, 431 F.3d 517, 524 (6th Cir. 2006); *see also Howard v. Bouchard*, 405 F.3d 459, 477 (6th Cir. 2005); *Coleman v. Mitchell*, 244 F.3d 533, 539 (6th Cir. 2001). The last explained state court judgment should be used to make this determination. *See Ylst v. Nunnemaker*, 501 U.S. 797, 803-05 (1991). If the last state judgment is a silent or unexplained denial, it is presumed that the last reviewing court relied upon the last reasoned opinion. *See id.*

A prisoner seeking federal habeas relief must first exhaust his state court remedies by fairly presenting the substance of each federal constitutional claim in state court. *See* 28 U.S.C. § 2254(b); *Coleman v. Thompson*, 501 U.S. 722, 731 (1991); *Wong v. Money*, 142 F.3d 313, 322 (6th Cir. 1998). State prisoners in Michigan must raise each claim in the Michigan Court of Appeals and in the Michigan Supreme Court before seeking federal habeas corpus relief. *See Manning v. Alexander*, 912 F.2d 878, 881 (6th Cir. 1990). The petitioner bears the burden of showing that state court remedies have been exhausted. *See Prather v. Rees*, 822 F.2d 1418, 1420 n.3 (6th Cir. 1987). If a petitioner "fails to present his claims to the state courts and . . . is barred from pursuing relief there, his petition should not be dismissed for lack of exhaustion because there are simply no remedies available for him to exhaust." *Hannah v. Conley*, 49 F.3d 1193, 1196 (6th Cir. 1995). However, a petitioner will not be allowed to present unexhausted claims unless he can show cause to excuse his failure to present the claims in the state courts and actual prejudice to his defense at trial or on appeal. *See id.*, *citing Coleman*, 501 U.S. at 750-51.

Petitioner presented his claim that counsel was ineffective in failing to interview and subpoena certain witnesses for the first time in an application for leave to appeal to the Michigan Supreme Court. The claim, therefore, is unexhausted. No state court remedy is available to petitioner to exhaust this claim because he already has filed one motion for relief from judgment in the state trial court and does not argue that his claims fall within the narrow exception to the prohibition against filing successive motions for relief from judgment in state court. Petitioner fails to show cause to excuse this default. Thus, this claim is procedurally defaulted and barred from review unless petitioner can establish that a constitutional error resulted in a fundamental miscarriage of justice. *See Schlup v. Delo*, 513 U.S. 298, 321 (1995). The Supreme Court has tied

the miscarriage of justice exception to procedural default to a petitioner's innocence. *See id.* To make a showing of actual innocence, "a petitioner must show that it is more likely than not that no reasonable juror would have found the petitioner guilty beyond a reasonable doubt." *Id.* at 327. Petitioner fails to present new, reliable evidence in light of which no reasonable juror would have found him guilty. Therefore, this claim is procedurally barred.

Petitioner's second claim of ineffective assistance of counsel remains. He argues that counsel was ineffective in failing to raise or preserve an insanity or temporary insanity defense. To establish that he received ineffective assistance of counsel, a petitioner must show, first, that counsel's performance was deficient and, second, that counsel's deficient performance prejudiced the petitioner. *See Strickland*, 466 U.S. at 687. A petitioner may show that counsel's performance was deficient by establishing that counsel's performance was "outside the wide range of professionally competent assistance." *Id.* at 689. This "requires a showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment." *Id.* at 687.

To satisfy the prejudice prong, a petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694. A court's review of counsel's performance must be "highly deferential." *Id.* at 689. Habeas relief may be granted only if the state-court decision unreasonably applied the standard for evaluating ineffective-assistance-of-counsel claims established by *Strickland*. *See Knowles v. Mirzayance*, 556 U.S. 111, 122-23 (2009). "The question is not whether a federal court believes the state court's determination under the *Strickland* standard was incorrect but whether that

determination was unreasonable – a substantially higher threshold." *Id.* at 123 (internal quotation omitted).

The Michigan Court of Appeals denied habeas relief on this claim. The Michigan Court of Appeals explained its reasoning as follows:

> Defendant next argues that he was deprived of his right to effective assistance of counsel when trial counsel failed to raise and preserve an insanity or temporary insanity defense on the basis of pedophilia and involuntary intoxication. We first note that defendant does not cite any authority for, or conduct any relevant analysis in support of, the preposition that pedophilia is a mental illness for purposes of our insanity defense statute, MCL 768.21a. Accordingly, the pedophilia argument fails. *Mudge v. Macomb Co.,* 458 Mich. 87, 105, 580 N.W.2d 845 (1998) (it is not up to the appellate court to unravel and elaborate a party's arguments and then search for supporting authority). Also, defendant does not claim on appeal that he "lack[ed] substantial capacity either to appreciate the nature and quality or the wrongfulness of his or her conduct or to conform his or her conduct to the requirements of the law." MCL § 768 .21a(1). Furthermore, defendant failed to establish the factual predicate for his claim of ineffective assistance of counsel. *People v. Hoag*, 460 Mich. 1, 6, 594 N.W.2d 57 (1999). Defendant provides no evidence of an alcohol or substance abuse problem,[2] nor is there any indication in the record that he was involuntarily intoxicated during the illegal sexual act. Without any evidence or authority showing that an insanity defense should have been investigated on the basis of involuntary intoxication and pedophilia, we cannot conclude that counsel's performance was deficient, nor that defendant incurred prejudice; therefore, the claim of ineffective assistance fails. *Hoag, supra* at 5-6, 594 N.W.2d 57.
>
> ---
> [2]The presentence investigation report (PSIR) provided that there were no known substance abuse issues.

*Miller*, 2009 WL 323485, at *1 (footnote 2 included in text).

An attorney's failure to explore the possibility of an insanity defense can rise to the level of constitutionally defective counsel. *See Daoud v. Davis*, 618 F.3d 525, 532 (6th Cir. 2010). In the present case, however, nothing in the record before the Court suggests that any mental illness

13

interfered with petitioner's ability to form the requisite intent for his crime or that he was unable to assist in his defense. Without more, the Court cannot conclude that the state court's decision was contrary to or an unreasonable application of *Strickland*. Habeas relief is therefore denied as to this claim.

## IV. Conclusion

For the reasons stated, the Court concludes that petitioner is not entitled to federal habeas relief and that the petition for a writ of habeas corpus must therefore be denied.

Before petitioner may appeal the Court's decision, a certificate of appealability must issue. 28 U.S.C. §2253(c)(1)(a); Fed. R. App. P. 22(b). When denying relief, the district court must issue or deny certificate of appealability. Rule 11(a) of the Rules Governing 2254 Cases, 28 U.S.C. foll. § 2254. A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2). When a court denies a habeas claim on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the court's assessment of the constitutional claim debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). "A petitioner satisfies this standard by demonstrating that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In applying this standard, a court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the claim's underlying merit. *Id*. at 336-37. Having conducted the requisite review, the Court concludes that petitioner has failed to make a substantial showing of the denial of a constitutional right as to his habeas claims. A certificate of appealability is not warranted. For the same reason, petitioner may not proceed on appeal in forma pauperis. Accordingly,

14

IT IS ORDERED that petitioner's application for a writ of habeas corpus is denied.

IT IS FURTHER ORDERED no certificate of appealability shall issue.

IT IS FURTHER ORDERED that petitioner may not proceed on appeal in forma pauperis.

        _s/ Bernard A. Friedman_____
        BERNARD A. FRIEDMAN
        SENIOR UNITED STATES DISTRICT JUDGE

Dated: July 6, 2015
      Detroit, Michigan